**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-cv-80339**

MICHAEL SUSSMAN, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

CAREMARK, L.L.C.,

     Defendant.

_____/

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446, Defendant Caremark L.L.C. ("Caremark"), by and through its counsel of record, hereby gives notice of removal of this action from the State of Florida, Fifteenth Judicial Circuit Court in and for Palm Beach County to the United States District Court for the Southern District of Florida.  In support thereof, Caremark respectfully states as follows:

**I.     THE STATE COURT ACTION**

1.     On February 21, 2024, Plaintiff Michael Sussman ("Plaintiff") initiated this case against Caremark by filing a Complaint in the Fifteenth Judicial Circuit Court in and for Palm Beach County captioned *Sussman v. Caremark, L.L.C.*, No. 50-2024-CA-001654-XXXA-MB ("State Court Action").  A copy of the complaint is attached hereto as **<u>Exhibit 1</u>**.

2.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that have been filed in the State Court Action is attached hereto as **<u>Exhibit 2.</u>**

3.     Caremark was served on February 29, 2024 by service on its registered agent.  A copy of the service document and the summons are attached hereto as **<u>Exhibit 3.</u>**

4.     This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

## II.     SUMMARY OF THE COMPLAINT

5.     In his Complaint, Plaintiff contends Caremark placed allegedly unsolicited telemarketing prerecorded messages to Plaintiff's cellular phone number ending in 9440.  (*See* Dkt. 1-1 ¶ 15.)  Plaintiff contends he received at least 5 such calls, including after making requests that the calls stop.  (*Id.* ¶¶ 16-18.)

6.     On the basis of these allegations, Plaintiff alleges the following claims: (i) violation of the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227(c) (through 47 C.F.R. § 64.1200(d)); (ii) violation of the Florida Telemarketing Sales Act ("FTSA"), Fla. Stat. § 501.059(8)(a); (iii) violation of the TCPA, asserting a second claim under 47 U.S.C. § 227(c) for injunctive relief; (iv) violation of Fla. Stat. § 501.059(10)(a) for injunctive relief; and (v) violation of the TCPA, 47 U.S.C. § 227(b).

7.     Plaintiff seeks to represent three putative classes, defined as:

> INTERNAL DNC CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, (1) received two or more calls within any 12-month period, (2) encouraging the purchase of Defendant's goods or services, (3) to said person's residential telephone number, (4) after sending a "stop" or similar request.

> FTSA CLASS: All persons within the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's pharmacy benefit management goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) since February 20, 2020 through the date of class certification.

> PRE-RECORDED CALL CLASS: All persons within the United States who (1) were called by or on behalf of Defendants, (2) using a prerecorded or artificial voice (3) within the four years prior to the filing of this Complaint through the date of class certification; and (4) for whom Defendant did not have express written consent.

(Dkt. 1-1 ¶ 57.)

**III. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE A FEDERAL CLAIM HAS BEEN ASSERTED.**

8. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it involves a federal question. *See* 28 U.S.C. § 1331 (providing that district courts shall have original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States").

10. Here, this Court has jurisdiction over the State Court Action because Plaintiff alleges three causes of action under the Telephone Consumer Protection Act ("TCPA") and its associated federal regulations.

11. The TCPA does not provide exclusive jurisdiction of the state courts, and therefore TCPA actions filed in state court can be removed to federal court under § 1441, regardless of the parties' citizenship or residence. *See, e.g., Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

12. Pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a) this Court also has supplemental jurisdiction over Plaintiff's state claims under the FTSA because these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13. Under Section 1367(a), "[t]he test is whether the claims asserted 'derive from a common nucleus of operative fact.'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (internal quotations and citation omitted). All of Plaintiff's asserted claims stem from the alleged receipt of unsolicited telephone calls—the

identical alleged conduct giving rise to his TCPA claims. Further, Plaintiff's state claims are not novel or complex, they do not substantially predominate over Plaintiff's TCPA claims and there are no compelling reasons to decline jurisdiction. *See* 28 U.S.C. § 1367(c).

## IV. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

14. This Court also has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." 28 U.S.C. § 1332(d)(2).

15. First, the State Court Action is a "class action" for purposes of 28 U.S.C § 1332(d)(2), as Plaintiff brings claims on his own behalf and as a representative of all other similarly situated individuals pursuant to Florida Rule of Civil Procedure § 1.220(b)(2) and (b)(3). (Ex. 1, Compl. ¶ 18); *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

16. Second, Plaintiff seeks damages of a minimum of $500, and up to $1,500, for each violation of the FTSA and TCPA. (*See* Dkt. 1-1, ¶¶ 74, 75, 84, 85, 107, 108, Prayer.) Plaintiff seeks to represent *two* nationwide classes and one Florida class. (*Id.* ¶ 57.) Plaintiff specifically alleges he believes there are "thousands" of class members in Florida alone. (*Id.* ¶ 60.) Plaintiff also alleges that aggregate damages "are in the millions of dollars . . . ." (*Id.* ¶ 66.)

17. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1123 n.8 (11th Cir. 2010) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court,

or readily deducible from them, then the court has jurisdiction.") (internal quotations and citation omitted); *McDaniel v. Fifth Third Bank,* 568 Fed. Appx. 729, 731 (11th Cir. 2014) ("That a court would, based on the pleadings, find that a claim fails as a matter of law does not factor into the court's jurisdictional analysis.").[1]

18.     Plaintiff seeks up to $1,500 per call, per person, for each alleged violation of the FTSA and TCPA—that is, up to $4,500 per call per person.  Plaintiff contends that Caremark "placed unsolicited telemarketing calls to cellular telephone numbers belonging to thousands of consumers throughout Florida without their prior express consent."  (Dkt. 1-1 ¶ 60.)  Given the overlap of Plaintiff's second and fifth claims (and, in turn, FTSA and pre-recorded call classes), Plaintiff is seeking on behalf of Florida class members, up to $3,000 per person *per call* ($1,500 for the FTSA claim and $1,500 for the claim under 47 U.S.C. § 227(b)).  To satisfy the $5,000,000 amount in controversy, there would need to be only 1,667 class members in Florida alone that received a single call in alleged violation of the FTSA and 47 U.S.C. § 277(b), and this is before even including Plaintiff's first claim under 47 U.S.C. § 227(c)(5), which itself requires a minimum of *two* calls.  As a result, the amount in controversy is clearly satisfied here.  The total amount in controversy, taking into account the putative classes, exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

19.     Third, there is minimal diversity between members of the proposed class and Defendant, which satisfies the Diversity requirements pursuant to 28 U.S.C. § 1332(d).

---

[1]     Caremark specifically disputes Plaintiff's allegations and contends that Plaintiff's claims are without merit and that no putative class could be certified here.  Further, Caremark disputes (i) that Plaintiff would be able to obtain up to $1,500 for each violation of either the TCPA or FTSA, (ii) that Plaintiff would be able to use the same call as the basis to collect duplicative damages (that is, that a single call could give rise to three or more independent claims resulting in a stacking of damages awards), and (iii) that the FTSA allows for a per call (as opposed to per person) damages calculation.

20. Caremark is a California limited liability company, and its principal place of business is in Scottsdale, Arizona. (Declaration of Thomas S. Moffatt, attached hereto as **Exhibit 4**). Therefore, for purposes of CAFA, Caremark is a citizen of California and Arizona. 28 U.S.C. § 1332(d)(10).

21. Plaintiff is a citizen of Florida. Plaintiff is a current resident of Florida. (Dkt. 1 ¶ 12.) Publicly available information reflects that Plaintiff has a Florida phone number, a Florida address, Florida driver's license, and has lived in Florida for at least the last fifteen years. (Declaration of Mark Eisen ¶¶ 3, 4, attached hereto as **Exhibit 5**.)

22. Further, Plaintiff seeks to represent a class of "all persons within the state of Florida" (along with two nationwide classes) and it naturally follows that at least one class member is a Florida citizen (and that myriad class members would be citizens of states other than California and Arizona). *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which [the amount in controversy threat is met] and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."); 28 U.S.C. § 1332(d)(1)(D) (defining "class members" as "the persons (**named or unnamed**) who fall within the definition of the proposed or certified class in a class action") (emphasis added); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because "by definition all valid plaintiffs are citizens of Florida" and defendant was a citizen of Virginia); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use . . . common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements.").

23. Plaintiff, in fact, specifically alleges that "CVS CAREMARK has placed unsolicited telemarking calls to cellular telephone numbers belonging to thousands of consumers

*throughout the* [sic] *Florida* . . . ." (Dkt. 1-1 ¶ 60.) Plaintiff also predicates personal jurisdiction on the contention that the calls at issue were sent into Florida. (*Id.* ¶ 13.)

24. Because at least one plaintiff and Defendant are citizens of different states, the minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d).

## V.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

25. In light of the above analysis, the Court has jurisdiction over the class action pursuant to 28 U.S.C. §§ 1331 and 1332(d) and removal is proper under 28 U.S.C. § 1441.

26. Pursuant to 28 U.S.C. § 1446(d), Caremark will file a copy of this Notice of Removal with the Clerk of the State of Florida, Fifteenth Judicial Circuit. Caremark will also serve Plaintiff with a copy of this Notice of Removal.

27. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders available on the state court docket as of the date of this removal are attached hereto as **Exhibit 2**.

28. Pursuant to 28 U.S.C. § 1446(a), venue for this case is proper in the Southern District of Florida because it is the district court of the United States for the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 89(c).

29. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE,** Defendants Caremark hereby removes this civil action to this Court.

DATED: March 20, 2024                      Respectfully submitted,


/s/ Jordan S. Kosches
Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
Florida Bar No.: 49881
**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200

Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

Mark S. Eisen, Esq.
(to be admitted *pro hac vice*)
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:   (312) 767-9192
meisen@beneschlaw.com

*Attorneys for Caremark, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served on this 20th day of March 2024, via the

Court's CM/ECF system upon:

Joshua H. Eggnatz, Esq.
Eggnatz Pascucci
7450 Griffin Road, Suite 230
Davie, Florida 33314

Michael J. Pascucci, Esq.
Eggnatz Pascucci
7450 Griffin Road, Suite 230
Davie, Florida 33314

Seth M. Lehrman, Esq.
Lehrman Law
951 Yamato Rd. Suite 285
Boca Raton, Florida 33431

/s/ Jordan S. Kosches